```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KALPESH MASTER, et al., | : CIVIL ACTION NO. 06-4253 (MLC) |
| Plaintiffs, | : **MEMORANDUM OPINION** |
| v. | : |
| QUIZNOS FRANCHISE COMPANY, et al., | : |
| Defendants. | : |

**THE COURT**, on December 1, 2006, inter alia, having ordered the defendants to show cause why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 18, Order & Order to Show Cause ("OTSC")); and the plaintiffs bringing this action in state court (1) on July 31, 2006, (2) to recover damages for breach of franchise agreements and violations of the New Jersey Franchise Act, and thus under state law only, and (3) against the defendants, Quiznos Franchise Company ("QFC") and QFA Royalties LLC ("QRO") (Compl.);[1] and the defendants (1) removing the action based on jurisdiction under Section 1332 (Rmv. Not., at 1-2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C.

---

[1] The Court, also on December 1, 2006, denied without prejudice the defendants' motion to, inter alia, in effect, transfer venue to the United States District Court for the District of Colorado ("Motion to Transfer"). (Dkt. entry no. 18.) The Court noted that the Motion to Transfer had merit, as the franchise agreement at issue contained a forum selection clause explicitly mandating that any action concerning the agreement was to be (1) resolved under Colorado law, and (2) initiated in a Colorado court. (OTSC, at 4-6.)

§ 1446(a); and the Court being authorized to examine jurisdiction and remand the action <u>sua sponte</u>, <u>see</u> 28 U.S.C. § 1447(c); and

**THE DEFENDANTS** alleging, without more, that the plaintiff Tracarthy, LLC ("TLLC"), is "a citizen and resident of New Jersey" (Rmv. Not., at ¶ 4; <u>see</u> Compl., at ¶ 5); and it appearing that TLLC is a limited liability company; and it appearing that limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-97 (1990), <u>Kalian at Poconos v. Saw Creek Ests. Cmty. Ass'n</u>, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003); and it appearing also that each membership layer of a limited liability company must be analyzed to determine its citizenship, <u>Belleville Catering Co. v. Champaign Mkt. Place</u>, 350 F.3d 691, 693 (7th Cir. 2003) (concerning member that was itself a limited liability company), <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th Cir. 2003) (stating citizenship of unincorporated association to be traced through each layer); and it appearing that the defendants had failed to properly allege TLLC's citizenship; but the defendants properly alleging that the other plaintiffs are New Jersey citizens (Rmv. Not., at ¶ 4; <u>see</u> Compl., at ¶¶ 1-9); and

**THE DEFENDANTS** further alleging that QFC and QRO:

> are Delaware limited liability companies.  Both have their principal places of business in Denver, Colorado,

>and the members of each are all Delaware limited
>liability companies

(Rmv. Not., at ¶ 4); but it appearing that the defendants had failed to properly analyze the membership layers of QFC and QRO, and thus have failed to properly allege their own citizenship (see supra); and

**THE COURT**, due to the defendants' deficient notice of removal, being unable to determine if each plaintiff is deemed a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court advising the defendants of the intention to remand the action for lack of jurisdiction under Section 1332 unless they (1) properly analyzed each membership layer, and alleged the citizenship, of TLLC, QFC, and QRO as of July 31, 2006, with supporting documentation, and (2) demonstrated jurisdiction under Section 1332 (OTSC, at 3); and

**THE DEFENDANTS BEING CAUTIONED** against merely restating the citizenship allegations found in the notice of removal or the complaint; and the defendants being advised that allegations as to where a party or a member of a party resides, is domiciled, is

3

licensed, or has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and the Court advising the defendants that a response that is upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction, will result in the remand of the action, see Lewis v. Consol. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is upon information and belief is insufficient), Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is upon information and belief "does not convince the Court that there is diversity among the parties"), Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Federal Rule of Civil Procedure 11); and it appearing that when a removing party is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**THE DEFENDANTS** now demonstrating, for the purposes of this inquiry, that TLLC is a New Jersey citizen (dkt. entry no. 19,

12-20-06 Defs. Counsel Letter, at 1); but the defendants asserting, as to their own citizenship, that:

> the members of both QFC and [QRO] involve at least eight layers of limited liability entities that ultimately lead to at least several JP Morgan private equity investors whose identities are confidential and not presently known to us.
>
> Our investigation to identify the citizenship of the ultimate members of QFC and [QRO] is continuing. However, this investigation could not be completed within the time frame directed by the Court in the Order to Show Cause

(id. at 1-2; see dkt. entry no. 20, 1-5-07 Defs. Counsel Letter, at 1-2 (stating "we were unable to definitely confirm that none of the ultimate members of QFC and [QRO] are citizens of New Jersey, and thus we are unable at this time to establish diversity of citizenship in this case")); and

**THE DEFENDANTS** thus admitting that — without knowing whether the action was "between . . . citizens of different States," 28 U.S.C. § 1332(a)(1) — they removed the action to, and utilized the resources of, this Court, see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating "basis upon which jurisdiction depends must be alleged affirmatively and distinctly") (citation omitted); and it appearing further that "asserting confidentiality for the members" is unacceptable, as it "is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary," Belleville Catering, 350 F.3d at 693 (concerning analysis of unincorporated

5

association's citizenship); and it appearing that it was the duty of the defendants, as the parties asserting jurisdiction, to:

> investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters . . . .  And no entity that claims confidentiality for its members' identities and citizenships is well situated to assert that it could believe, in good faith, that complete diversity has been established

id. at 694; and thus the Court intending to (1) grant the order to show cause, and (2) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                                                                s/ Mary L. Cooper
                                                    **MARY L. COOPER**
                                                    United States District Judge

---

[2] The return date of the order to show cause was January 8, 2007.  (OTSC, at 8.)  The Court, due to other matters on the Court's docket, is resolving the order to show cause three weeks thereafter.  The defendants have electronically filed no further papers in that three-week period.